United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 13, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-41416

ANTHONY GRAVES,

Petitioner - Appellant,

VERSUS

JANIE COCKRELL, Director,
Texas Department of Criminal Justice, Institutional Division,

Respondent - Appellee.

Appeal from the United States District Court
for the Southern District of Texas, Galveston Division

ON PETITION FOR REHEARING

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

On reflection and after further review of the record, the petition for rehearing persuades us that Graves has made a substantial showing of the denial of a constitutional right on his claim that the state violated the rule under Brady v. Maryland, 83 S. Ct. 1194 (1963), by failing to disclose that Graves' co-defendant, Carter, implicated his wife as a participant in the commission of the murders to the prosecution in an interview the evening before Carter testified in Graves' capital murder trial.

The sequence and substance of Carter's statements and recantations the night before he

1

testified are less than clear. On the evening before he testified in Graves' capital murder trial, the prosecutor interrogated Carter and had him take a polygraph test. Carter apparently changed his story about the murders and who was involved several times. In the original opinion, we granted COA on Graves' claim under <u>Brady</u> that the state failed to disclose to Graves that Carter had informed the district attorney in this session that Graves was not involved in the charged crime. During the same interrogation, Carter also implicated his wife in the murders. It appears that statement is the only time he did so. As described by the prosecutor at Graves' first habeas hearing, "[A]fter he failed the polygraph here, he broke down and acknowledged that it was he, Graves and Cookie, the three of them. Specifically, she had the hammer, he had the gun, and Graves had the knife, and he told us that. But then, to get him to testify, we have to agree, and that's part of the record, that we wouldn't question about that third; i.e., Cookie."[1] In the original opinion, we concluded that Graves' <u>Brady</u> claim, predicated on Carter's statement implicating his wife, was procedurally barred. We also concluded that even if Graves could overcome the procedural bar, Carter's statement that his wife was an accomplice at the scene of the murders was not exculpatory or material.

After further consideration and review of the record, we are persuaded that reasonable jurists would find debatable the district court's ruling that Graves' claim was procedurally barred. The prosecution's reference to Carter's statement about his wife before he testified was so vague that it may not have put Graves' counsel on notice sufficient to cause counsel to make an inquiry that would likely lead to full disclosure of Carter's alleged statement implicating his wife in the actual commission

---

[1] The state had Carter testify to this agreement in his direct testimony.

of the murders.[2] Before Carter testified, the prosecutor did not disclose that Carter implicated his wife in the murders. He disclosed only that "Mr. Carter took a polygraph and the basic question involved his wife, Theresa. It shows deception on that polygraph examination." Although Theresa (also called Cookie) had been indicted, the state's position was that she was involved after the fact. As discussed above, Carter's statement that is at issue here allegedly placed her at the scene with one of the murder weapons.

On reflection, we also find that jurists of reason would find it debatable whether Graves' petition alleging non-disclosure of this statement states a valid claim of the denial of a constitutional right under Brady because a fact finder could conclude that this information was potentially material and exculpatory. Carter's statement that Cookie was at the murder scene could have been important to Graves' defense because the state's theory was that the commission of the multiple murders required at least two perpetrators. If Graves had been furnished with Carter's statement, it could have provided him with an argument that those two persons were Carter and his wife rather than Carter and Graves. The statement could have also been strong impeachment evidence especially when considered in conjunction with the fact that Carter's agreement to testify against Graves was conditioned on a deal that the prosecutor would not ask any questions about his wife's involvement.

The alleged statement exonerating Graves and the alleged statement implicating his wife as well as the promise by the state not to question Carter about his wife's participation were made in the same interrogation the evening before Carter testified in Graves' capital murder trial. This information could have provided a basis for a defense argument that Carter's desire to exonerate his

---

[2] We do not preclude the state from producing additional evidence tending to show that Graves' counsel was given additional information that put counsel on notice of this statement.

wife motivated him to falsely implicate Graves in return for the state's promise to refrain from asking about his wife's participation in the crime. These statements are so closely tied together that the district court should consider on remand the combined effect of the state's failure to disclose both alleged statements on Graves' trial.

Accordingly, we grant in part the petition for panel rehearing and grant COA on Graves' claim that the state's failure to disclose Carter's alleged statement implicating his wife in the crimes violated Graves' rights under Brady. We deny the petition for rehearing in all other respects. We therefore remand this case to the district court for an evidentiary hearing to determine: (l) the substance of the alleged statement described above, along with Carter's statement allegedlly exonerating Graves; (2) whether Graves was aware of these statements or exercised due diligence to discover these statements; (3) whether the state's failure to disclose these statements was material to Graves' defense under Brady; and (4) for a determination of whether Graves is entitled to relief on these claims.

No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (Fed. R. App. P. And 4th Cir. R. 35), the Petition for Rehearing En Banc is DENIED.

Petition for panel rehearing is DENIED in part; GRANTED in part; REMANDED.

Petition for en banc rehearing is DENIED.